UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE AMESQUITA,<br><br>    Plaintiff,<br><br> v.<br><br>MACOMBER, *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-01604-KES-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 1, 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I. Background**

Plaintiff Juan Jose Amesquita ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 7, 2024, the Court screened Plaintiff's complaint and found that Plaintiff stated cognizable claims against Defendants Howard and Chavez for deliberate indifference to medical care in violation of the Eighth Amendment for how Howard and Chavez were moving Plaintiff, and that Plaintiff was saying they were hurting him, as they tried to return Plaintiff to the wheelchair, and for failure to obtain medical care for Plaintiff following the vehicle incident/accident, but failed to state any other cognizable claims for relief. (ECF No. 8.) The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claims identified by the Court. (*Id.*) On March 18, 2024, Plaintiff filed a notice that he does not intend to amend, and is willing to proceed only on the cognizable claims identified by the Court. (ECF No. 10.)

**II. Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

1

or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**A.   Allegations in Complaint**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility, in Corcoran, California. Plaintiff alleges the events in the complaint occurred while housed at California Correctional Institution ("CCI"), in Tehachapi, California. Plaintiff names the following defendants: (1) Jeff Macomber, Secretary of CDCR (Director); (2) Brian Cates, Warden of CCI; (3) Howard, outpatient housing unit ADA transportation correctional officer; (4) Chavez, outpatient housing unit ADA transportation correctional officer; and (5) John Doe, CDCR vehicle insurance carrier, provider or president. All defendants are sued in their individual and official capacities.

In claim 1, Plaintiff alleges Eighth, Fifth and Fourteenth Amendment violations.[1] Plaintiff alleges "deliberate torture while moving plaintiff after insident by Howard and Chavez."

---

[1] It is unclear what conduct purportedly violated the Fifth and Fourteenth Amendments. As a prisoner, Plaintiff's claims for cruel and unusual punishment derive from the Eighth Amendment.

1  (unedited text).  Plaintiff alleges "deliberate indifference for Howard and Chavez not taking
2  reasonable measure to guaratee Plaintiff's safety."  (unedited text).  Plaintiff alleges "1983
3  Conspiracy" and "1983 supervisor liability."  Plaintiff alleges that he filed a Government Tort
4  claim.
5      Plaintiff alleges that on 12/12/22, correctional officers Howard and Chavez were working
6  as ADA medical transportation team at O.P.H.U. (hospital).  Both officers Howard and Chavez
7  loaded Plaintiff on the ADA medical prison van.  Howard informed Chavez that the seatbelt(s) to
8  secure Plaintiff were not good and not working.  Howard asked Chavez what he should do.
9  Chavez replied that "we have our orders to take him to his appointment."  Howard and Chavez
10  existed the van and had a whispered conversation.  Howard drove the van, and Plaintiff yelled to
11  him that Plaintiff was not wearing a seatbelt!  Howard yelled back to calm down and "we know"
12  and said don't worry because he and his partner were safe drivers. He then said that he "takes that
13  back" because he can't speak for his partner.  He laughed.
14      On the way back from the hospital, Howard and Chavez did not put the seatbelt on
15  Plaintiff because it was broken, but put Plaintiff in the van at the prison.  Chavez was now driving
16  and stopped so he and Howard could eat.
17      Once Chavez drove on the freeway, Plaintiff believes Chavez was going 70 to 80 mph,
18  faster than Howard had driven on the freeway.  "All of a sudden, I went airbourne out of my
19  wheelchair, was no watch out!! No honking, no swerving, nothing no warning."  Plaintiff
20  slammed head first on the metal and was hurt bad and scared.
21      Howard opened the door to the van where Plaintiff landed.  Plaintiff asked what
22  happened.  Howard said that a car pulled out in front of the van.  Howard kept saying we have to
23  get you back on the wheelchair.  Chavez and Howard were acting strange.  Neither Howard nor
24  Chavez called to report a reckless or drunk driver or get a license plate number or anything about
25  the car.  Plaintiff asked not to be moved because he was hurting back, but Plaintiff's pleas fell on
26  deaf ears.
27      Howard and Chavez said that they cannot call for help because we are on the side of the
28  freeway.  Plaintiff said to leave him on the floor until you can get to a hospital or some safe place.

1  But Howard and Chavez wanted to move Plaintiff back to the wheelchair. Howard and Chavez
2  "twisted me, drop me bent me any and all ways they drug me rolled me everything I was
3  hollering please just leave me on the floor!!!" They did not stop until Plaintiff was back in the
4  wheelchair. Plaintiff was in bad pain and "scared Chavez or Howard check me for injuries."
5  Once they had him in the wheelchair again, "in seconds they put a seatbelt on me."
6  Howard was then laughing and making fun of Plaintiff.
7  Plaintiff believes the incident was deliberate. "Staff at CCI was angry with me because
8  staff believed I was faking my medical condition." C.O. Avila told Plaintiff at the gate that
9  Plaintiff has been going out to the hospital a lot. Plaintiff told him it is because of Plaintiff's
10 medical condition – he is old and sick. Never before had a gate officer gotten in the van to
11 converse with Plaintiff.
12 Howard and Chavez did not take Plaintiff to the hospital to get treated for injuries.
13 Plaintiff never received medical treatment for his injuries at CCI. Plaintiff was in unbearable pain
14 for about two weeks when he got transferred to SATF where he has been receiving pain pills for
15 the pain and injuries from the vehicle accident on 12/12/22.
16 As remedies, Plaintiff seeks damages.
17 **B.    Discussion**
18 Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, and fails to
19 state a cognizable claim for relief, with the exceptions described below.
20 **1.    Federal Rule of Civil Procedure 8**
21 Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim
22 showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are
23 not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
24 conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set
25 forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its
26 face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are
27 accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572
28 F.3d at 969.

Plaintiff's complaint is relatively short but it is not plain statement of his claims. It is unclear what the other defendants, besides Howard and Chavez, did to violate Plaintiff's constitutional rights. Additionally, as discussed more fully below, Plaintiff must clearly state what happened, when it happened and who was involved.

### 2.     Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff's complaint fails to link each the defendants to any wrongful conduct. Plaintiff fails to link Jeff Macomber, Brian Cates or John Doe, CDCR vehicle insurance carrier, provider or president, to any alleged wrongful conduct. Plaintiff's conclusory allegations are insufficient.

### 3.     Official Capacity

Plaintiff may not pursue his claims for monetary damages against the named defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dep't. of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, *Austin v. State*

5

*Indus. Ins. Sys.*, 939 F.2d 676, 680 n.2 (9th Cir. 1991).  Thus, Plaintiff may only proceed in this action for monetary damages against defendants in their individual capacities.

### 4. Supervisor Liability

Insofar as Plaintiff is attempting to sue Defendants Warden, the Secretary, or any other defendant, based solely upon his supervisory role, he may not do so.  Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior.  *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570.  Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).  When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### 5. State Actor

Plaintiff names John Doe, CDCR vehicle insurance carrier, provider or president.

The term "person[s]" in § 1983 encompasses state and local officials sued in their

individual capacities, private individuals, and entities which act under the color of state law—including local governmental entities. *See Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (party charged with constitutional deprivation must be a governmental actor because "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong"). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).

Plaintiff cannot assert a § 1983 claim against the private individual Defendant John Doe, insurance president, unless he can plausibly allege the defendant was acting under color of state law. The Supreme Court and the Ninth Circuit have recognized at least four tests that facilitate identification of state action. Namely, "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Rawson v. Recovery Innovations*, 975 F.3d 742, 747 (2020) (quoting *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003)); *see Pasadena Republican Club v. W. Justice Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021). Satisfaction of any of the tests is enough to find state action, provided no "countervailing" factor defeats a finding of state action. *Pasadena Republican Club*, 985 F.3d at 1167; *Rawson*, 975 F.3d at 747. Regardless of the test, the question is simply always whether a defendant has exercised power possessed and made possible because state law. *Pasadena Republican Club*, 985 F.3d at 1167.

Generally, a private insurer is not a state actor. *See, e.g.*, Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 51 (1999) (a private insurer's decision to withhold payment for a disputed worker's compensation claim is not "fairly attributable to the State so as to subject insurers to the constraints of the Fourteenth Amendment.")

**6.     Eighth Amendment – Deliberate Indifference to Safety**

Deliberate indifference to a prisoner's health or safety needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). A defendant violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is,

7

subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Negligence, or even gross negligence, does not violate the Eighth Amendment. *See Toguchi*, 391 F.3d at 1060-61; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002).

Seatbelt

The failure to provide or secure a seatbelt to Plaintiff during transport, standing alone, may not give rise to a constitutional claim. *See Thomas v. Rodriguez*, 2017 WL 3896738, at *3 (S.D. Cal. Sept. 6, 2017) (discussing cases); *see also Vaughn v. Jones*, No. 1:18-CV-01329 AWI BAM PC, 2019 WL 1508460, at *3 (E.D. Cal. Apr. 5, 2019) (Plaintiff's allegations that he was shackled, denied a seatbelt by officers, and the officer was driving recklessly at excessive speeds, and then hit an animal, plausibly suggest an Eighth Amendment deliberate indifference claim), report and recommendation adopted, No. 1:18-CV-01329 AWI BAM PC, 2019 WL 3080786 (E.D. Cal. July 15, 2019). "However, if the claim is combined with allegations that the driver was driving recklessly, this combination of factors may violate the Eighth Amendment." *Thomas*, 2017 WL 3896738, at *4. Plaintiff's claim that his constitutional rights were violated because he was not seat belted fails to state a claim.

Driving and accident

Here, Plaintiff maybe attempting to allege that Defendant Chavez was driving recklessly and he was injured. However, his factual allegations are conclusory. While Defendant was "going 70-80 mph" on the freeway, Plaintiff alleges he was injured when Defendant Chavez swerved to avoid a car that pulled in front of the van. Plaintiff does not allege that Defendant Chavez was going above the posted speed limit while driving or otherwise that he was driving recklessly when he tried to avoid the car that pulled out in front.

Plaintiff fails to state a claim against Defendant Howard. Defendant Howard was not driving at the time of the incident.

**7.     Eighth Amendment – Deliberate Indifference to Medical Needs**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of

8

"deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–106).

<u>Moving Plaintiff inside the van after the accident</u>

Plaintiff alleges that the officers were moving/dragging/dropping him inside the van as they tried to get him back into the wheelchair. Plaintiff alleges that he was in significant pain and told the officer to leave him alone. Liberally construing the allegations of how Howard and Chavez were moving Plaintiff, and that Plaintiff was saying they were hurting him, as they tried to return Plaintiff to the wheelchair, Plaintiff alleges a cognizable claim for deliberate indifference to serious medical needs.

<u>Failure to Take Plaintiff to the Hospital/Medical Care</u>

Plaintiff alleges he was injured after the incident/accident, repeatedly told the officers,

9

and asked to be taken to the hospital. At the pleading stage, Plaintiff's complaint states a cognizable claim for deliberate indifference to serious medical needs against Defendants Howard and Chavez based on their failure to obtain medical care for Plaintiff following the vehicle incident/accident and Plaintiff's repeated complaints of pain.

### 8. Conspiracy

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir.2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001). "[T]o state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004) (citation omitted).

Here, Plaintiff's amended complaint fails to state a claim for conspiracy. Plaintiff's allegations are conclusory. Plaintiff has not adequately alleged a meeting of the minds or a deprivation of his constitutional rights.

### 9. Government Claims Act

The California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde),* 32 Cal.4th 1234, 1239 (Cal. 2004); *Shirk v. Vista Unified School District*, 42 Cal.4th 201, 209 (2007). The Government Claims Act requires exhaustion of Plaintiff's state law tort claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in the complaint. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 208–09 (Cal. 2007).

Plaintiff alleges that he filed a Government Claims Act claim. Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must allege a state law claim. Plaintiff has not done so.

**III.    Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's complaint states cognizable claims against Defendants Howard and Chavez for deliberate indifference to medical care in violation of the Eighth Amendment for how they were moving Plaintiff inside the van and for failure to obtain medical care for Plaintiff following the vehicle incident/accident.  However, Plaintiff's complaint fails to state any other cognizable claims against any other defendants.

Accordingly, is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed November 14, 2023, (ECF No. 1), against Defendants Howard and Chavez for deliberate indifference to medical care in violation of the Eighth Amendment for how they were moving Plaintiff inside the van and for failure to obtain medical care for Plaintiff following the vehicle incident/accident; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 20, 2024**                 /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE