**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JUAN JOSE AMESQUITA,

Plaintiff,

v.

HOWARD, *et al.*,

Defendants.

No. 1:23-cv-01604-KES-BAM (PC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Doc. 43

Juan Jose Amesquita is state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Amesquita asserts that defendants Howard and Chavez were deliberately indifferent to his alleged serious need for medical care, in violation of the Eighth Amendment, after he fell from his wheelchair while defendants were driving him in a transport vehicle on December 12, 2022. *See* Docs. 1, 11, 12. Defendants moved for summary judgment on January 30, 2026. Doc. 38.

The magistrate judge issued findings and recommendations on August 11, 2026, that recommended that defendants' motion for summary judgment be granted. Doc. 43. Specifically, the magistrate judge determined that there were no material disputes of fact and that Amesquita did not have a serious medical need, and, even assuming that Amesquita had a serious medical need, Howard and Chavez were not deliberately indifferent to any such need. *Id.* at 10–12.

Given these determinations, the magistrate judge found it unnecessary to reach defendants' qualified immunity argument. *Id.* at 12.

The court served the findings and recommendations on Amesquita with a notice that any objections were to be filed within 14 days. Doc. 43 at 13. Following an extension of time, Amesquita filed objections. Doc. 46. Defendants opposed the objections. Doc. 47.

In accordance with 28 U.S.C. § 636(b)(1), the court conducted a de novo review. Having carefully reviewed the matter, including Amesquita's objections and defendants' response, the court concludes the findings and recommendations are supported by the record and by proper analysis.

In his objections, Amesquita seeks leave to file a first amended complaint to dismiss all defendants except CDCR and the van transportation crew. Doc. 46 at 4-5. Amesquita's request is untimely. Pursuant to the court's discovery and scheduling order, the deadline to file any motion to amend expired on January 15, 2025, and discovery closed on June 15, 2025. Doc. 26. Amesquita's untimely request to file an amended complaint fails to demonstrate good cause to support modification of the scheduling order, as required by Federal Rule of Civil Procedure 16(b)(4). Moreover, the court previously dismissed, on May 20, 2024, all claims other than plaintiff's Eighth Amendment claims against defendants Howard and Chavez—the van transportation crew. To the extent plaintiff requests to amend his complaint to dismiss other defendants who are no longer parties to the case, it is moot. For the above reasons, plaintiff's request to amend is denied.

Amesquita also argues that defendants lacked emergency training and certification and that the equipment in the transport van did not work. Doc. 46 at 7-8. But these arguments do not address the magistrate judge's factual findings that Amesquita did not have a serious medical need and that the defendants did not act with deliberate indifference to any such need. To the extent Amesquita asserts his opinion that defendants were not permitted to move him from the vehicle after he fell out of his wheelchair, or a medical opinion as to his alleged injuries, he is not qualified to provide such expert opinion testimony. *See* Fed. R. Evid. 701, 702. Amesquita's

///

remaining objections similarly do not undermine the magistrate judge's findings.[1]

The Court ORDERS:

1. The findings and recommendations issued on August 11, 2026 (Doc. 43) are ADOPTED in full.
2. Defendants' motion for summary judgment (Doc. 38) is GRANTED.
3. The Clerk of the Court is directed to enter judgment in favor of defendants Howard and Chavez and against plaintiff Juan Jose Amesquita and to close this case.

IT IS SO ORDERED.

Dated: September 25, 2026

UNITED STATES DISTRICT JUDGE

[1] Amesquita also argues that defendants are not entitled to qualified immunity. Doc. 46 at 5-6. But the magistrate judge did not reach the issue of whether defendants were entitled to qualified immunity. *See* Doc. 43 at 12.